UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Carla Fisher, ) | |
| ) | Case No.: 2:13-cv-06632 |
| Plaintiff, ) | |
| ) | Section: |
| vs. ) | |
| ) | |
| Rand Beers, in his capacity as Secretary of the ) | |
| Department of Homeland Security and W. Craig ) | |
| Fugate, in his capacity as Administrator of the ) | |
| Federal Emergency Management Agency, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, come plaintiff, Carla Fisher, (hereinafter referred to as "Plaintiff" or "Fisher"), a person of full age and majority and domiciled in the Parish of St. John the Baptist, State of Louisiana, and respectfully represents:

1.  The jurisdiction of this court is invoked under 28 U.S.C. Section 1331, commonly known as Federal Question Jurisdiction. The jurisdiction of this court is also invoked under 42 U.S.C. Section 4072 and 42 U.S.C. Section 4053.

2.  Made Defendants herein are RAND BEERS, IN HIS CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, and W. CRAIG FUGATE, IN HIS CAPACITY AS ADMINISTRATOR OF THE FEDERAL EMERGENCY MANAGEMENT AGENCY (hereinafter collectively referred to as "FEMA").[1]  The Federal

---

[1] In similar cases, the Federal Emergency Management Agency has asserted that the proper defendant for claims arising under the National Flood Insurance Act and the National Flood Insurance Program is the Secretary of the Department of Homeland Security, based upon the Homeland Security Act of 2002, which transferred the functions, personnel, assets, and liabilities of the Federal Emergency Management Agency to the Department of Homeland Security.  *See e.g.* Memorandum in Support of Federal Emergency Management Agency's Motion to Dismiss at 11-

Emergency Management Agency directly issues and provides flood insurance through the National Flood Insurance Program in the State of Louisiana. At all pertinent times herein, FEMA provided flood coverage to Fisher through the National Flood Insurance Program for the property located at 3017 Yorktowne Drive, La Place, Louisiana 70068.

## FLOOD INSURANCE CLAIM

3.  Plaintiff hereby incorporates paragraphs 1 through 2 above by reference as if fully set forth herein.

4.  At all times relevant to this action, Plaintiff Carla Fisher was an insured policy holder under certain policy of flood insurance issued and/or underwritten by FEMA.

5.  Plaintiff further alleges that, under the terms and provisions of the said insurance policy, further identified as Policy No. 4000127547 (the "Flood Policy"), Plaintiff became entitled to coverage against certain perils associated with flooding, in the event that the buildings, structures, and contents owned by Plaintiff, located at 3017 Yorktowne Drive, La Place, Louisiana 70068, should become damaged or rendered a total loss as a result of impact or injury suffered as a result of such insured perils.

6.  Plaintiff further alleges that, at all times relative to this complaint, the Flood Policy was in full force and effect, the annual premium having been paid in full.

7.  On the morning of August 28, 2012, Hurricane Isaac approached the Gulf Coast bringing with it extremely destructive winds which were documented to be most intense along the eastern sides of the storm. The storm first made landfall in southeast Louisiana near the

---

13, Toups v. Federal Emergency Management Agency, No. 2:13-CV-5226-ILRL-JCW (E.D. La. filed Aug. 2, 2013). However, 42 U.S.C. Sec. 4072 provides that plaintiff may bring an action regarding the NFIP against the "Administrator." As of July 6, 2012, the "Administrator" is defined under the National Flood Insurance Act as the "Administrator of the Federal Emergency Management Agency," 42 U.S.C. Sec. 4004, who is currently, William Craig Fugate. Plaintiff names both officials as defendants in this Complaint to avoid doubt regarding whether the proper defendant has been named.

mouth of the Mississippi River at approximately 6:00 PM (0000 UTC) before shifting slightly west for a second landfall on the 29th near Port Fourchon, Louisiana at approximately 2:00 AM (0800 UTC). Additionally, the storm surge levels recorded by the National Weather Service in the areas closest to the Fisher property were between 10 feet and 17 feet. Plaintiff alleges that her buildings, structures, and contents were substantially damaged and devastated as a result of the flooding associated with Hurricane Isaac which caused damage to the insured property.

8. Within days after Hurricane Isaac made its landfall, Plaintiff registered a claim with FEMA for the flood loss as a result of the damage to her buildings, structures, and contents. There ensued thereafter a period of supposed analysis and adjustment of the claims of the Plaintiff. FEMA acknowledged its responsibility to pay to Plaintiff a sum of money to compensate her for her losses sustained as a result of flood related damage associated with the storm and which were compensable under the Flood Policy. Ultimately, FEMA made a partial payment of the claims. FEMA has thus recognized its responsibility to make payments under the Flood Policy and the formula by which those payments are to be calculated. However, the claims of Plaintiff have been underpaid due to the fact that FEMA has improperly adjusted the flood damages to the subject buildings, structures, and contents while simultaneously both under-evaluating the costs to repair the buildings and structures and under-evaluating the effects of the flooding on the structures in causing the damages suffered by Plaintiff.

9. An appropriate Proof of Loss has been presented to FEMA in accordance with the terms and provisions of the Flood Policy.

10. FEMA has failed and refused to honor the terms and provisions of the subject contract of insurance, and in doing so, has breached the Flood Policy.

11.     As a proximate consequence of the above described breach of contract by FEMA, the Plaintiff has suffered damages in that the claims for full, fair, and just compensation to the full extent of its actual losses have not been paid.  FEMA has refused to make additional payments, even though Plaintiff has afforded FEMA ample opportunity to reassess and reevaluate its position.

### COUNT I
### DECLARATORY RELIEF – FLOOD

12.     Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 11.

13.     The Flood Policy insures against direct physical loss of or damage to covered property resulting from flood, unless otherwise excluded.  None of the exclusions in the Flood Policy apply to preclude coverage for the flood-related damages submitted for coverage under the Flood Policy.

14.     Pursuant to the terms of the Flood Policy, coverage is provided for the flood-related damages up to the full extent of loss.  However, FEMA has refused to pay Plaintiff for the full amount of flood-related losses and, therefore, there presently exists an actual controversy between Plaintiff and FEMA concerning whether Plaintiff's loss is covered.

15.     Plaintiff seeks a declaration that FEMA is obligated to pay her claims losses and damages up to the full extent of the submitted Proofs of Loss, less any applicable deductible amount.

### COUNT II
### BREACH OF CONTRACT – FLOOD

16.     Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 15.

17. Pursuant to the terms and conditions of the aforementioned Flood Policy, FEMA is obligated to pay Plaintiff for her Hurricane Isaac loss up to the full extent of flood-related damage, minus any applicable deductible amount.

18. Plaintiff provided timely notice of her loss to FEMA, which has, contrary to the terms of its policy, refused to pay for all flood-related damages, which are within the limits of the available coverage. As a result of FEMA's breach of the Flood Policy, Plaintiff has and will incur substantial costs that she would not otherwise have had to incur.

19. By reason of the foregoing, FEMA is liable to Plaintiff for breach of contract and damages, the exact amount to be proven at trial, including, but not limited to, the amount of Plaintiff's loss and damages covered under the Flood Policy above any applicable deductible.

WHEREFORE, the Plaintiff, Carla Fisher, demands judgment against FEMA as follows:

A. That the Court determine and declare that FEMA must pay Plaintiff for her flood-related damages, less the applicable deductible; and

B. That FEMA be held contractually obligated to pay Plaintiff the amount of damages sustained for her flood-related loss above the applicable deductible.

Date:  December 12, 2013              Respectfully submitted,

                                                         **THE KRELLER LAW FIRM**

                                                        /s/ *Stephen Skelly Kreller*
                                                        Stephen Skelly Kreller (Bar No. 28440)
                                                        757 St. Charles Avenue, Suite 301
                                                        New Orleans, Louisiana 70130
                                                        T: (504) 484-3488
                                                        F: (888) 294-6091
                                                        E: ssk@krellerlaw.com

                                                        **FAEGRE BAKER DANIELS LLP**
                                                        Rikke Dierssen-Morice (pro hac vice motion pending)
                                                        2200 Wells Fargo Center
                                                        90 South Seventh Street
                                                        Minneapolis, Minnesota 55402
                                                        T: (612) 766-7000
                                                        F: (612) 766-1600
                                                        ***Attorneys for Plaintiff, Carla Fisher***

Please serve defendants as follows:

**Rand Beers**
Acting Secretary of the Department of Homeland Security
U.S. Department of Homeland Security
500 C Street SW
Washington, DC 20472

**W. Craig Fugate**
Administrator of the Federal Emergency Management Agency
Federal Emergency Management Agency
U.S. Department of Homeland Security
500 C Street SW
Washington, DC 20472

**U.S. Attorney General**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**United States Attorney Civil Process Clerk**
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130

dms.us.53302110.01