```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

CARLA FISHER                                    CIVIL ACTION

VERSUS                                          NO: 13-6632

RAND BEERS, ET AL.                              SECTION: R

### ORDER AND REASONS

Plaintiff Carla Fisher brought this breach of contract action against Rand Beers in his capacity as Secretary of the Department of Homeland Security ("DHS") and W. Craig Fugate in his capacity as Administrator of the Federal Emergency Management Agency ("FEMA"). The complaint alleges that FEMA failed to pay the full amount of the flood-related losses owed to plaintiff under a flood insurance policy issued through the National Flood Insurance Program. Plaintiff also seeks a declaratory judgment stating that FEMA is obligated to pay her claimed losses up to the full extent of the submitted proofs of loss, less any applicable deductible amount. FEMA has filed a motion to dismiss plaintiff's claim for declaratory relief under Rule 12(b)(1). The Court GRANTS FEMA's motion, not for lack of jurisdiction, but because the declaratory judgment claim is essentially a duplication of the breach of contract action.

### I. BACKGROUND

Plaintiff alleges that she purchased a flood insurance policy for her property at 3017 Yorktowne Drive in La Place,

Louisiana, through the Standard Flood Insurance Program ("SFIP"). She further states that the policy was in effect on August 28, 2012, when Hurricane Isaac made landfall and allegedly caused damage to the property. Plaintiff alleges that she submitted a timely proof of loss but that FEMA breached the terms of the flood policy by failing to pay the full amount of her losses. Her breach of contract claim asserts that FEMA "is obligated to pay Plaintiff for her Hurricane Isaac loss up to the full extent of the flood-related damage, minus any applicable deductible amount." She seeks damages "including, but not limited to, the amount of Plaintiff's loss and damages covered under the Flood Policy above any applicable deductible."

Separately, plaintiff seeks a declaratory judgment stating "that FEMA is obligated to pay her claims losses and damages up to the full extent of the submitted Proofs of Loss, less any applicable deductible amount."

FEMA moves to dismiss plaintiff's claim for declaratory relief for lack of jurisdiction under Rule 12(b)(1). It argues that jurisdiction does not exist because Congress has not waived sovereign immunity for declaratory judgment actions under 42 U.S.C. § 4072. FEMA further argues that plaintiff's claim for declaratory relief should be dismissed because it is essentially a duplication of the breach of contract action, and plaintiff does not seek any relief through the declaratory judgment action

that she would not obtain by prevailing on her breach of contract claim.

## II. LEGAL STANDARD

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) *(quoting Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). A district court may dismiss a case for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981).

When, as is the case here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should address the jurisdictional question first. *See Hitt v. Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977); *see also Colonia Ins. Co. v. Williams*, 941 F. Supp. 606, 607-08 (N.D. Miss. 1996) ("[P]rior to

deciding whether to exercise its discretion and allow a declaratory judgment action to be brought, the court must first examine jurisdiction.").

**III. DISCUSSION**

The National Flood Insurance Program ("NFIP"), which was established by the National Flood Insurance Act ("NFIA"), is a federally-subsidized program administered by FEMA that provides flood insurance at or below actuarial rates. *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat. Ins. Co.*, 542 F.3d 105, 1054 (5th Cir. 2008). The NFIA authorizes the Administrator of FEMA to issue regulations establishing the general terms and conditions of insurability and coverage, including the types, classes, and locations of eligible properties. 42 U.S.C. § 4103. These regulations make up the Standard Flood Insurance Plan ("SFIP"), which is codified at 44 C.F.R. § 61, App. A.[1] The SFIP "and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, . . . and Federal common law." 44 C.F.R. 61, App. A(1), Art. IX.

---

[1] Relevant here is Appendix A(1) to § 61, which covers dwellings.

Claims paid under the NFIP are paid from the National Flood Insurance Fund, which is maintained by the U.S. Treasury. *Eaker v. State Farm Fire and Cas. Ins. Co.*, 216 F. Supp. 2d 606, 611-12 (S.D. Miss. 2001) (citing 42 U.S.C. § 4071(d)). Because claims payments are "a direct charge on the public treasury," *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987), the principles of sovereign immunity require the federal government to consent to being sued for such claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). "Sovereign immunity is jurisdictional in nature," as the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The NFIA permits policyholders to sue for amounts due under the contract if they are dissatisfied with the claim payments. *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 394 (5th Cir. 2007). The SFIP further states that the policy and all disputes arising out of it are governed in part by federal common law. *Id.* (citing 44 C.F.R. Pt. 61, App. A(1), article IX). In *Wright*, the Fifth Circuit held that this reference to federal common law merely "directs courts to employ standard insurance principles when deciding coverage issues under the policy." *Id.* It "does not stand for the proposition that a flood insurance policyholder may

5

bring a federal common law extra-contractual cause of action" based on the handling of his flood insurance claim. *Id.* at 394-95. In addition to holding that the NFIA did not *expressly* provide for an extra-contractual cause of action, the *Wright* court declined to recognize an implied right of action, noting that it did not "perceive any evidence that Congress implicitly intended that policyholders be able to file claims against [the insurer] other than those specifically provided for in the Act." *Id.* at 395-98.

In *Scritchfield v. Mutual of Omaha Insurance Company*, 341 F. Supp. 2d 675 (E.D. Tex. 2004), a judge in the Eastern District of Texas applied *Wright*'s reasoning to a plaintiff's request for declaratory relief. Without specifically citing *Wright*, the district judge reasoned that nothing in the Act or its legislative history suggested that Congress intended to create a statutory cause of action for a declaratory judgment. *Id.* at 679-680. He further concluded that sovereign immunity barred plaintiff's request for a declaratory judgment, because "[n]either Plaintiffs nor the court are [sic] able to find a statute authorizing claims for . . . declaratory relief under the NFIA. *Id.* at 681.

FEMA now relies on *Scritchfield* to argue that this Court lacks jurisdiction to grant plaintiff's request for declaratory relief. The Court is not persuaded by *Scritchfield*'s reasoning.

*Wright* addressed a plaintiff's attempt to bring private, federal common law causes of action for fraud and negligent misrepresentation. Unlike those claims, a declaratory judgment is not a "cause of action." Rather, it "is merely a vehicle that allows a party to obtain early adjudication of an actual controversy arising under *other* substantive law." *Dallas Cnty., Tex. v. MERSCORP, Inc.*, 3:11-CV-02733-O, --- F. Supp. 2d ---, 2014 WL 840016, at *7 (N.D. Tex. Mar. 4, 2014) (emphasis added) (quoting *MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-1658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (citing *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990)).

Moreover, the Court need not look to federal common law to expressly or impliedly provide for declaratory relief, because the Declaratory Judgment Act ("DJA") does just that. The DJA states, in relevant part:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Again, the DJA is "a procedural device designed to provide a new remedy," as opposed to a substantive cause of action, "to the federal court arsenal." *Mission Ins. Co.*

*v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983). *See also MERSCORP, Inc.*, 2014 WL 840016, at *7 (noting that the DJA is "procedural only" and that "the availability of such relief presupposes the existence of a judicially remediable right") (quoting *Schilling v. Rogers,* 363 U.S. 666, 677 (1960), and *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.,* 723 F.2d 1173, 1179 (5th Cir. 1984)). Thus, it is irrelevant whether the NFIA and the federal common law provide for extra-contractual, substantive causes of action. Because the NFIA allows policyholders to sue for breach of contract, it has created a judicially remediable right, and the DJA merely serves as the procedural vehicle by which a plaintiff may seek a declaration clarifying those rights.

Likewise, the Court is aware of no authority suggesting that Congress must expressly waive sovereign immunity with respect to declaratory judgment actions. Again, a declaratory judgment is not a substantive cause of action; it is a remedy available to a litigant who can point to an existing right that the Court has jurisdiction to enforce. Congress created a limited waiver of FEMA's sovereign immunity when it permitted policyholders to sue for breach of their flood insurance contracts. A judgment declaring the policyholder's rights under the SFIP is precisely the type of relief Congress authorized when it permitted actions for breach of contract. A policyholder would receive no relief

8

through a declaratory judgment that would not also be available by pursuing an action for breach of contract. *Cf. Garcia v. United States,* 538 F. Supp. 814, 816-17 (S.D. Tex. 1982) (holding that sovereign immunity did not preclude declaratory relief because the DJA, while not independently conferring subject matter jurisdiction on the courts, "create[s] a remedy available in actions where, as here, the federal district court already has jurisdiction to entertain suit."). Accordingly, the Court concludes that it has jurisdiction to hear plaintiff's claim for declaratory relief.

Citing *Scritchfield*, FEMA also argues that the Court lacks jurisdiction over the declaratory judgment action because it is redundant. It urges that the declaratory judgment action is "simply a duplication of [plaintiff's] breach of contract claim because both actions require this Court to: (1) interpret the terms and conditions of the SFIP and (2) determine the rights and obligations of the parties on the basis thereunder." Dismissal on this basis would not, however, be for want of jurisdiction. As the Court explained in *Landscape Design & Construction, Inc. v. Transport Leasing/Contract*,

> Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). This section is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*,

9

> 369 U.S. 111, 112 (1962). It gives federal courts the competence to declare rights, but does not impose a duty to do so. *Id.*

CIV.A.3:00-CV-0906-D, 2002 WL 257573, at *10 (N.D. Tex. Feb. 19, 2002). Numerous courts, including the Court in *Scritchfield*, have declined to entertain claims for declaratory relief when "[p]laintiffs would get nothing from a declaratory judgment that they would not get from prevailing on their breach of contract claims." *Scritchfield*, 341 F. Supp. 2d at 682. *Accord Gloston v. Dep't of Homeland Sec.*, CIV.A. 13-6471, 2014 WL 1660630, at *1 (E.D. La. Apr. 25, 2014) (Feldman, J.); *Phillips v. State Farm Fire & Cas. Co.*, CIV.A. 13-5225, 2014 WL 295140, at *2 (E.D. La. Jan. 27, 2014) (Barbier, J.); *Stoner v. S. Farm Bureau Cas. Ins. Co.*, 2:12-CV-00073-BRW, 2013 WL 593459, at *2-3 (E.D. Ark. Feb. 15, 2013); *Kougl v. Xspedius Mgmt. Co. of Dallas/Fort Worth, L.L.C.*, CIV.A.3:04CV2518-D, 2005 WL 1421446, at *3-4 (N.D. Tex. June 1, 2005); *Jakubowski v. Fed. Emergency Mgmt. Agency*, 2:12-CV-02202 CCC, 2013 WL 1284389, at *6 (D.N.J. Mar. 27, 2013); *Fleisher v. Phoenix Life Ins. Co.*, 858 F. Supp. 2d 290, 300-04 (S.D.N.Y. 2012).[2]

---

[2] In *Scritchfield*, the Court concluded that because the declaratory judgment action was redundant, there was no ripe case or controversy under the DJA. 341 F. Supp. 2d at 682. This Court disagrees. The parties' dispute regarding the amount due under the policy creates an actual controversy. Rather than concluding that no case or controversy exists, other courts dealing with the same issue have dismissed the declaratory judgment action as superfluous under Rule 12(b)(6), *see Fleisher*, 858 F. Supp. 2d at 300-04; *Kougl*, 2005 WL 1421446, at *3-4, or they have stricken

Plaintiff argues that a declaratory judgment would provide her with additional relief, because a declaration that FEMA is obligated to pay her flood losses up to the full extent of damage would "protect against possible future events of denied coverage." She now claims to seek a declaration that FEMA "is under a continuing duty to perform under the contract." This argument fails for two reasons. First, plaintiff's complaint does not request a declaration regarding FEMA's potential future obligations under the policy. Rather, it states that "Plaintiff seeks a declaration that FEMA is obligated to pay her claims losses and damages up to the full extent of the *submitted* Proofs of Loss, less any applicable deductible amount."[3] Thus, plaintiff seeks a declaration as to FEMA's obligations *only* as to the previously submitted proofs of loss.

Second, the only dispute in this action is whether FEMA improperly adjusted plaintiff's *past* claim by understating the damage to the insured property and the cost of repairs. Thus, a declaration stating generally that FEMA would be obligated to honor the terms of the SFIP in the future would serve no purpose. And the Court quite obviously cannot issue a declaratory judgment stating that FEMA is obligated to pay in full the amounts listed

---

the claim as redundant under Rule 12(f). *See Gloston*, 2014 WL 1660630, at *1; *Stoner*, 2013 WL 593459, at *2-3.

[3] Emphasis added.

in any potential future proofs of loss, as coverage must be determined on a claim-by-claim basis.

Accordingly, the Court dismisses plaintiff's claim for declaratory relief, not for lack of jurisdiction, but because it is redundant.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS FEMA's motion and dismisses plaintiff's claim for declaratory relief.

New Orleans, Louisiana, this __14th__ day of July, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE